**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| JOSEPH DAVIS, JANE FRASER, JACKIE MAGNANT, ROSE MURPHY, and DEREK MURRAY,<br><br>Plaintiffs,<br><br>v.<br><br>HENRY VASSA CATE, VILLAGE CREEK ASSOCIATES, LLC, MISSOE, LLC, CREEK HOLDINGS III, LLC, PALMETTO BUILDING GROUP, and VILLAGE CREEK LANDING, LLC,<br><br>Defendants. | CIVIL ACTION NO.: 2:23-cv-00051-LGW-BWC |

**RULE 26(f) REPORT**

The attorney(s) and/or unrepresented parties listed below certify that:

1) they have read the Court's Rule 26 Instruction Order entered in this case;

2) they have held a conference, in person or telephonically, pursuant to Federal Rule of Civil Procedure 26(f); and

3) they have discussed the case and jointly prepared the following Rule 26(f) Report.

Identify, for each party, the attorney(s) and/or unrepresented parties who attended the Rule 26(f) Conference, the counsel or unrepresented parties who participated in preparing the Rule 26(f) Report, and the date of the Rule 26(f) Conference:

Click here to enter a date.
The Rule 26(f) Conference took place on July 27, 2023.

Righton Lewis and Laura Heusel attended on behalf of the Plaintiffs.
Brad Watkins attended on behalf of Defendant Village Creek Landing, LLC.
Lewis Jones, John Fortuna, and Elizabeth Holden attended on behalf of Defendants Henry Vassa Cate, Village Creek Associates, LLC, Missoe, LLC, Creek Holdings III, LLC, and Palmetto Building Group (the "VCA Defendants").

## I. INITIAL MATTERS:

### A. Jurisdiction and Venue

The defendant(s)

☒ does ☐ does not

contest jurisdiction and/or venue (for multiple defendants, identify which defendants contest jurisdiction and/or venue). If contested, such position is because:

1) Jurisdiction:

The VCA Defendants contest subject matter jurisdiction as to Count Two of the Amended Complaint — the claim that Defendants violated the Clean Water Act by filling wetlands without a certification under Section 1341 — on grounds that the Clean Water Act's citizen suit provision (33 U.S.C. § 1365) does not authorize such a claim.

2) Venue:

Venue not contested.

### B. Immunity

The defendant(s)

☐ has raised ☐ will raise ☒ will not raise

an immunity defense based on:

N/A

**C. <u>Stay of Discovery Due to Motion to Dismiss, Transfer, or Remand</u>**

If a motion to dismiss, transfer, or remand has been or will be filed, or if any party will otherwise raise an initial defense including lack of jurisdiction, improper venue, or immunity, state whether the parties wish to delay proceeding with discovery until those issues have been decided. If so, state (i) the earliest a motion to dismiss or transfer will be filed; and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion.

Should any party seek a stay of discovery due to the filing of a motion to dismiss, the party must file a motion to stay and state within the motion whether the other parties join in, consent to, or oppose the motion.

<u>Following Plaintiffs' amendment of their complaint (ECF 38), Village Creek Landing and the VCA Defendants filed Motions to Dismiss the Amended Complaint on August 1, 2023. (ECF Nos. 42, 43.) On the same date, the Defendants filed a Joint Motion to Stay Discovery (ECF No. 44). Plaintiffs oppose any stay of discovery for the reasons set forth in Plaintiffs' Response in Opposition to the VCA Defendants' Motion to Stay Discovery (ECF No. 39).</u>

## II. SETTLEMENT:

### A. <u>Settlement Efforts to Date</u>

The parties state:

☐ They have not yet taken any efforts to resolve this dispute.

☒ They have taken efforts to resolve this dispute, and those efforts generally consisted of:

<u>Counsel for the Plaintiff and Defendant Village Creek Landing have informally discussed settlement without resolution.</u>

### B. <u>Early Settlement Discussion</u>

Counsel certify that, as required by the Rule 26 Instruction Order, they have discussed the potential for settlement between themselves and explored early involvement in alternative dispute resolution with their clients, and:

☒ The parties are prepared to discuss settlement with the Court at this time.

☐ The parties will not be prepared to discuss settlement until: ___.

If the parties will not be prepared to discuss settlement until a later date, explain why, including what, if any, discovery the parties need in order to discuss settlement:

<u>The parties are willing to take part in discussions mediated by the Magistrate Judge, at the Court's discretion, regarding each Party's position on the possibility of settlement. In counsels' experience, such discussions held during the early stages of discovery are of benefit to all parties.</u>

## III. INITIAL DISCLOSURES AND SCHEDULING CONFERENCE:

### A. Initial Disclosures

Rule 26(a)(1) disclosures:

☐ have been completed. ☒ will be completed by ___.

Unless otherwise ordered, mandatory disclosures required by Federal Rule of Civil Procedure 26(a)(1) must be made within fourteen (14) days of the parties' Rule 26(f) Conference. If any party is requesting additional time to provide disclosures, please explain why:

The Plaintiffs oppose a stay of discovery and intend to provide their initial disclosures in accordance with the schedule set forth in FRCP 26(a)(1)(C) and the Court's Rule 26 Instruction Order.

The Defendants have requested a stay of discovery (ECF No. 44) and intend to provide their initial disclosures either within fourteen (14) days after the Court denies the motion to stay discovery or, if the stay is granted, within fourteen (14) days after the Court rules on the motions to dismiss (ECF Nos. 42 & 43).

### B. Scheduling Conference

As explained in the Rule 26 Instruction Order, the Court may hold a Scheduling Conference (to be attended only by counsel and any unrepresented parties) before entering a Scheduling Order. Ordinarily, the Court will allow appearance via telephone. If any party is requesting that the Court hold a Scheduling Conference prior to the issuance of a Scheduling Order, please state so below:

Defendant VCL believes a telephone scheduling conference may be helpful given Defendants' position that a stay should be entered pending resolution of the Defendants' partial motions to dismiss. If granted, Defendant VCL's partial motion to dismiss (ECF 42) which would effectively render all remaining claims against it subject to dismissal for the reasons stated in its motion. For this reason, and the reasons stated in Defendants' motion to stay discovery, VCL believes the entry of a scheduling order and the commencement of discovery at this point is premature. As such, a scheduling conference with this Court may be helpful given Plaintiffs' desire to proceed with discovery.

The VCA Defendants do not oppose a telephone scheduling conference, but they believe an appropriate scheduling order may be entered at this point with discovery deadlines based on the Court's ruling on their Motions to Dismiss (ECF Nos. 42 & 43) and/or their Joint Motion to Stay Discovery (ECF No. 44), as described below.

The Plaintiffs' position is that the Parties require a scheduling conference because the Parties are unable to agree on the discovery deadlines requested in Part IV of this report, due to the Defendants' request for a stay and because none of the Defendants have answered.

If a Scheduling Conference is necessary, it should be held no more than twenty (20) days after the submission of this Report. Should the Court deem a scheduling conference necessary, the parties are available for a Scheduling Conference on the following dates (if any party is not available until after the 20-day time period, please explain why):

If a scheduling conference is held, counsel for the Parties are available at the Court's request, except as follows:

Counsel for the VCA Defendants will not be available on August 7-11, 2023; Counsel for VCL is unavailable on August 16th and 23rd.

## IV. DISCOVERY

Discovery will proceed more effectively and efficiently if the parties address discovery in the following sequential order:

First: Accomplishing all fact-based written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure, as well as the subpoena of documents, electronically stored information, and other tangible things from third parties under Federal Rule of Civil Procedure 45(d)(2);

Second: Conducting discovery depositions of fact witnesses who have not been designated as experts;

Third: Making all expert disclosures; and

Fourth: Conducting all expert depositions.

**Unless the parties show good cause to proceed otherwise, the parties must propose discovery deadlines that follow this sequential course. In other words, absent a specific showing of good cause, the parties should not propose one deadline to accomplish all discovery measures. Rather, the parties must propose sequential deadlines by which they shall successively accomplish each of the above four areas of discovery.**

If any party proposes discovery deadlines that do not follow the sequential schedule laid out above, please state the reason(s) why.

__

Additionally, pursuant to Local Rule 26.1(d), the parties must complete all discovery within 140 days of the last answer of the defendants named in the original complaint. However, the Court will provide additional time upon a showing of good cause.

If any party proposes discovery deadlines that extend beyond the 140-day period, please state the reason(s) why.

Defendants filed a Joint Motion to Stay Discovery on August 1, 2023. (ECF No. 44.) Defendants do not oppose a 140 day discovery period, but they have requested a stay of discovery pending resolution of the parties' motions to dismiss (ECF Nos. 42 & 43).

A. **Fact-Based Written Discovery, Inspections, and Examinations**

i. Written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by : Defendants request that deadlines to complete discovery be set after the ruling upon their Joint Motion to Stay Discovery. (ECF 44.) Alternatively, they request a schedule with discovery deadlines that run from the Court's ruling on the Joint Motion to Stay Discovery (ECF 44) and/or the Motions to Dismiss (ECF 42 & 43) (e.g., the deadline to complete written discovery, inspections and examinations shall be 140 days from the date the Court rules on the Motions to Dismiss or denies the Joint Motion Stay Discovery).

ii. The maximum number of interrogatories, including sub-parts, which may be served by any party on any other party, is: 25.

If any party seeks to exceed the limit of twenty-five (25) interrogatories set by Federal Rule of Civil Procedure 33(a)(1), please state why:

N/A

iii. Will any party seek to conduct any inspections of any land, premises, or other property under Federal Rule of Civil Procedure 34(a)(2) or 45(d)(2)? Yes

If yes, please describe the anticipated inspection(s) and state whether the inspection(s) should occur during the expert discovery period rather than during fact-based discovery.

Plaintiffs will request to inspect to inspect the Defendants' properties that are the subject of this suit. Such inspections would occur during the expert discovery period.

iv. Will any party seek to conduct any physical or mental examinations under Federal Rule of Civil Procedure 35? No

If yes, please describe the anticipated examination(s) and state whether the examination(s) should occur during the expert discovery period rather than during fact-based discovery.

N/A

**B. Depositions of Non-Expert Witnesses**

i. Discovery depositions of witnesses who have not been designated as experts will be completed by: Defendants request that deadlines to complete discovery be set after the ruling upon their Joint Motion to Stay Discovery. (ECF No. 44.) Alternatively, they request a schedule with discovery deadlines that run from the Court's ruling on the Joint Motion to Stay Discovery (ECF No. 44) and/or the Motions to Dismiss (ECF Nos. 42 & 43) (e.g., the deadline to complete discovery depositions of persons not designated as experts shall be 70 days from the date the Court rules on the Motions to Dismiss or denies the Joint Motion Stay Discovery).

ii. The maximum number of depositions (including all expert and non-expert) that may be taken by a party is: 10.

If any party seeks to exceed the limit of ten (10) depositions set by Federal Rule of Civil Procedure 30(a)(2)(A)(i), please state why:

___

iii. Depositions will be limited in duration by Federal Rule of Civil Procedure 30(d)(1), except the depositions of:

N/A

which, by agreement, shall be limited as follows:

N/A

C. **Expert Discovery**

i. Does the plaintiff(s) anticipate designating, calling, or otherwise relying upon any expert witnesses? Yes

ii. Does the defendant(s) anticipate designating, calling, or otherwise relying upon any expert witnesses? Yes

iii. Plaintiff(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by : Defendants request that deadlines to complete discovery be set after the ruling upon their Joint Motion to Stay Discovery. (ECF No. 44.) Alternatively, they request a schedule with discovery deadlines that run from the Court's ruling on the Joint Motion to Stay Discovery (ECF No. 44) and/or the Motions to Dismiss (ECF Nos. 42 & 43) (e.g., Plaintiffs shall serve expert reports 60 days from the date the Court rules on the Motions to Dismiss or denies the Joint Motion Stay Discovery).

iv. Defendant(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by : Defendants request that deadlines to complete discovery be set after the ruling upon their Joint Motion to Stay Discovery. (ECF No. 44.) Alternatively, they request a schedule with discovery deadlines that run from the Court's ruling on the Joint Motion to Stay Discovery (ECF No. 44) and/or the Motions to Dismiss (ECF Nos. 42 & 43) (e.g., Defendants shall serve expert reports 90 days from the date the Court rules on the Motions to Dismiss or denies the Joint Motion Stay Discovery).

v. The parties shall conduct any and all discovery depositions of witnesses who have been designated as experts by : Defendants request that deadlines to complete discovery be set after the ruling upon their Joint Motion to Stay Discovery. (ECF No. 44.) Alternatively, they request a schedule with discovery deadlines that run from the Court's ruling on the Joint Motion to Stay Discovery (ECF No. 44) and/or the Motions to Dismiss (ECF Nos. 42 & 43) (e.g., the deadline to complete expert depositions shall be 120 days from the date the Court rules on the Motions to Dismiss or denies the Joint Motion Stay Discovery).

If any party anticipates any problems regarding expert discovery or any unique circumstances that the Court should be aware of regarding expert discovery, please explain:

Because Defendants seek a stay on discovery, Defendants believe all expert discovery deadlines should be set after the ruling upon their Joint Motion to Stay Discovery (ECF No. 44). Alternatively, Defendants request that all expert

discovery deadlines run from the Court's ruling on the Joint Motion to Stay Discovery and/or the Defendants' Motions to Dismiss. Plaintiffs disagree with this contention and are prepared to move forward in accordance with the Court's Rule 26 Instruction Order.

### D. Agreed Discovery Procedures

i. Unique Circumstances

Are there any facts or circumstances unique to this case that will make fact or expert discovery more difficult or more time consuming? If so, please explain such facts and circumstances and the actions the parties have agreed upon to address them:

N/A

ii. Phased Discovery

Does any party propose that discovery be limited or proceed in phases? If so, please list each party making such a proposal and briefly explain the party's proposal:

(Phased discovery denotes discovery into one issue or set of facts first and then discovery into other issues or set of facts at a later time. Phased discovery does not include addressing fact-based discovery first and expert discovery thereafter. As explained above, sequentially addressing fact-based discovery measures first and expert discovery thereafter should be the normal course.)

N/A

## E. Third-Party Discovery

Does any party anticipate that it will request a substantial amount of discovery, including the production of documents and other tangible things, from any individual or entity that is not a party to this action? Yes

If so, please describe (i) any such third party and the discovery to be sought, (ii) any difficulties the parties anticipate in obtaining discovery from the third party, and (iii) whether the third party should participate in the scheduling conference.

Plaintiffs may request written discovery from regulatory agencies that were consulted in the development of the Defendants' properties that are the subject of this suit. These regulatory agencies may include, but are not limited to, the U.S. Environmental Protection Agency, the Georgia Department of Natural Resources, and the U.S. Army Corps of Engineers. In addition, Plaintiffs may request discovery from the Defendants' contractors. Plaintiffs do not request that third parties participate in the scheduling conference.

Defendants do not anticipate seeking substantial third-party discovery, but reserve the right to request such discovery based on information developed during discovery in this case.

**F. Electronically Stored Information**

By signing below, the parties certify that they have conferred together regarding the preservation and production of electronically stored information that may be relevant to the disposition of this suit as specifically required by the Rule 26 Instruction Order. The parties are prepared to discuss discovery of electronically stored information with the Court at the Rule 26 Instruction Conference.

i. Do the parties anticipate any disagreements about electronic discovery? If so, please explain:

No

ii. Do the parties anticipate that any special provisions are needed in the Scheduling Order with respect to electronic discovery? If so, please explain:

No

iii. Do the parties otherwise seek to bring any issue regarding electronic discovery to the Court's attention? If so, please explain:

No

## G. Privileged, Protected, and/or Confidential Communications and Information

The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege, confidentiality, or other protections as required by the Rule 26 Instruction Order.

i. Have the parties reached an agreement regarding the procedures for asserting claims of privilege, confidentiality, or protection? Not Applicable

If so, please briefly describe such agreement:

N/A

ii. Are there terms of any agreement regarding privileged, protected, or confidential information that the parties wish to have memorialized in the Scheduling Order?

Not Applicable

If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

N/A

iii. Are there any issues regarding claims of privilege, confidentiality, or protection as to which the parties have been unable to reach an agreement?

No

If so, please explain:

N/A

## H. Protected Health Information

i. Do the parties anticipate that this case will involve an individual's medical records and/or protected health information, including any information that may be protected by the Health Insurance Portability and Accountability Act (HIPAA) and/or any state or federal privilege or protection for health information?

No

ii. Has any individual whose protected health information could be relevant to this case executed a release allowing for counsel of the opposing party to obtain protected health information directly from health care providers?

Not Applicable

iii. Have the parties reached any agreements regarding the protection of such information including any agreements regarding the further disclosure of such information?

Not Applicable

iv. Are there terms of any agreement regarding protected health information that the parties wish to have memorialized in the scheduling order? Not Applicable

If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

N/A

v. Are there any issues regarding protected health information as to which the parties have been unable to reach an agreement? Not Applicable

If so, please explain:

N/A

## V. MOTIONS

### A. Motions to Amend the Pleadings or to Add Parties

i. The plaintiff(s) ☐ does ☒ does not

anticipate the need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by ___.

ii. The defendant(s) ☐ does ☒ does not

anticipate the need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by .

If there are multiple defendants and less than all defendants anticipate needing to amend pleadings or add parties, please indicate which defendants so anticipate:

___

iii. By Local Rule 16.3, all motions to amend pleadings or add parties are to be filed within sixty (60) days after the first filing of an answer. If any party is requesting more than this time, please state the reason(s) why such time is necessary.

___

### B. Civil Motions (Except Motions in Limine)

All other motions, including motions for summary judgment and motions to exclude expert testimony on *Daubert* and other grounds (but excluding motions in limine), shall be filed by: Defendants request that deadlines for the filing of civil motions be set after the ruling upon their Joint Motion to Stay Discovery (ECF No. 44.) Alternatively, they request a schedule with deadlines that run from the Court's ruling on the Joit Motion to Stay Discovery (ECF No. 44) and/or the Defendants' Motions to Dismiss (ECF Nos. 42 & 43) (e.g., all civil motions (excluding motions in limine) shall be filed within 30 days of the close of fact and expert discovery).

If any party is requesting a deadline to file motions (other than motions in limine) more than thirty (30) days after the deadline to complete discovery, please state the reason why such time is necessary:

___

## VI. PRETRIAL

### A. Pretrial Order

The parties shall prepare and file the joint consolidated pretrial order by: ___.

The Court generally provides sixty (60) days following the civil motions deadline to file the pretrial order. However, if a motion for summary judgment or other dispositive motion is pending at the time of the deadline, the deadline for filing the pretrial order is automatically extended to twenty-one (21) days after the Court's ruling on the motion for summary judgment or other dispositive motion. If any party is requesting additional time (a deadline more than sixty (60) days following the civil motions deadline), please state the reason(s) why such time is necessary:

The parties do not believe there is reason to depart from the Court's standard practice regarding pretrial order deadlines, described above.

Because Defendants have filed a motion to stay discovery (ECF No. 44) and requested that deadlines in this case run from the Court's ruling on the Joint Motion to Stay Discovery and/or the Motions to Dismiss, Defendants request that the pretrial order deadline run from the civil motions deadline proposed in Part V.B above. Plaintiffs disagree with this position for the reasons set forth herein.

### B. De Ben Esse Depositions

The parties shall complete all depositions of all witnesses (whether fact or expert) that are *de ben esse depositions* (taken not for discovery but for testimony to be used at trial) by: ___.

The Court generally provides thirty (30) days before the pretrial order deadline to complete *de ben esse* depositions. If any party is requesting additional time, please state the reason(s) why such time is necessary. The parties are cautioned that they will be required to specifically designate all testimony that they seek to offer by deposition as well as all objections to such testimony in the consolidated pretrial order.

The Parties request that they not be ordered to take de ben esse depositions until the Court has ruled on dispositive motions, if any. The parties request that they have twenty-one (21) days after the Court's ruling on the motion for summary judgment or other dispositive motion.

## VII. ADDITIONAL MATTERS

Please state any other matters to which the parties stipulate and/or which the court should know or consider before entering the Scheduling Order:

—

Dated: **August 7, 2023**

| | |
|---|---|
| ______________________________ | ______________________________ |
| Pro Se | Pro Se |
| /s/ Righton J. Lewis | /s/ Laura D. Heusel |
| Counsel for Plaintiff(s) | Counsel for Plaintiff(s) |
| /s/ John L. Fortuna | /s/ Lewis B. Jones |
| Counsel for Defendant(s) | Counsel for Defendant(s) |
| /s/ ____________ | /s/ ____________ |
| Counsel for Defendant(s) | Counsel for Defendant(s) |

## CERTIFICATE OF SERVICE

I certify that on August 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of filing to the following:

Bradley J. Watkins
bwatkins@brbcsw.com

John L. Fortuna
jfortuna@jonesfortuna.com

Lewis B. Jones
ljones@jonesfortuna.com

Jason M. Tate
jtate@robertstate.com

*/s/ E. Righton J. Lewis*
E. Righton J. Lewis
S.D. Ga. Fed. ID No. 215211