**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

JOSEPH DAVIS, JANE FRASER, JACKIE MAGNANT, ROSE MURPHY, and DEREK MURRAY,

Plaintiffs,

v.

HENRY VASSA CATE, VILLAGE CREEK ASSOCIATES, LLC, MISSOE, LLC, CREEK HOLDINGS III, LLC, PALMETTO BUILDING GROUP, and VILLAGE CREEK LANDING, LLC

Defendants.

Civil Action No. 2:23-CV-051

# VCA DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Henry Vassa Cate, Village Creek Associates, LLC, Missoe, LLC, Creek Holdings III, LLC, and Palmetto Building Group (the "VCA Defendants"), by and through their attorneys, answer Plaintiffs' First Amended Complaint ("Complaint") in the action titled *Davis, et al. v. Cate, et al.* No. 2:23-CV-051, as follows:

## AFFIRMATIVE DEFENSES

### First Defense

All or part of the Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The Court lacks subject matter of jurisdiction over some or all of the claims asserted in the Complaint.

### Third Defense

Some or all of the violations alleged in the Complaint are wholly past, and any controversy is moot.

**Fourth Defense**

Section 505 of the Clean Water Act unconstitutionally delegates enforcement powers granted to the Executive Branch under Article II of the United States Constitution.

**Fifth Defense**

Plaintiffs' claims fail because Plaintiffs lack standing to bring this action.

**Sixth Defense**

Some or all of Plaintiffs' claims fail because the VCA Defendants did not participate in any alleged CWA violation that is at issue in this suit.

**Seventh Defense**

Plaintiffs' claims fail as a matter of law because there is no actual case or controversy upon which an issue is presented.

**Eighth Defense**

Plaintiffs' claims fail as a matter of law because there is no justiciable controversy allowing for the invocation of the equitable or legal relief sought.

**Ninth Defense**

Plaintiffs' claims are barred to the extent they are untimely under the applicable statute of limitations and/or doctrine of laches.

**Tenth Defense**

Plaintiffs failed to describe the location of the alleged Clean Water Act ("CWA") violations and the point source for those alleged violations in the Notice Letter, thus these claims are barred.

**Eleventh Defense**

The existence of any alleged discharges in violation of the CWA was caused solely by acts of God and/or the acts or omissions of a third parties, and therefore any recovery is barred.

**Twelfth Defense**

The Complaint fails to state a claim upon which relief can be granted because civil penalties cannot be imposed unless there is a material violation of the CWA, and as set out herein, Defendant has not violated the CWA.

**Thirteenth Defense**

Respondents' activities have not resulted (and did not a result) in the discharge of pollutants to "waters of the United States."

**Fourteenth Defense**

Plaintiffs cannot establish that Defendant was the source or cause of any of the pollutants allegedly discharged into surrounding waters.

**Fifteenth Defense**

Pending further investigation and discovery, and in the interest of preserving various affirmative defenses, this Defendant pleads the defenses of accord and satisfaction, estoppel, failure of consideration, fraud, illegality, laches, unclean hands, license, payment, release, statute of frauds, statute of limitations, and waiver.

**Sixteenth Defense**

The VCA Defendants reserves the right to assert additional defenses based on further developments in this case.

**RESPONSE TO ALL ALLEGATIONS OF THE COMPLAINT**

The VCA Defendants deny each and every allegation of the Complaint not otherwise admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient

to form a belief as to the truth of the allegations. To the extent that the headings in the Complaint contain factual allegations that require a response, the headings are denied.

**RESPONSE TO NUMBERED PARAGRAPHS**

1. The allegations in Paragraph 1 purport to characterize Plaintiffs' complaint, which speaks for itself and is the best evidence of its contents.

2. The allegations in the first two sentences of Paragraph 2 purport to characterize certain provisions of the Clean Water Act. Any allegation contrary to the text, context, or meaning of the statute is denied. The last sentence in Paragraph 2 constitutes a legal conclusion to which no response is required.

3. The VCA Defendants admit that Village Creek Associates, LLC and Missoe, LLC owned and developed certain residential lots in a development known as the Park at Village Creek on St. Simons Island, Glynn County, Georgia. The remaining allegations in Paragraph 3 are denied.

4. Admitted.

5. The VCA Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

6. The VCA Defendants admit this allegation as to a small section of the Park at Village Creek. Property owned by Creek Holdings III, LLC is no longer subject to claims in this case. The VCA Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as to wetlands owned by Village Creek Landing.

7. The VCA Defendants deny the allegations in the first sentence of Paragraph 7. The remaining allegations state legal conclusions as to which no response is required.

8. Denied.

9. The VCA Defendants admit that Village Creek is influenced by the tide. The remaining allegations in Paragraph 9 are denied.

10. The allegations of Paragraph 10 relate to claims that have been dismissed by the Court. To the extent a response is required, the allegations are denied.

11. The first sentence of Paragraph 11 is denied. The allegations in the second sentence are legal conclusions as to which no response is required.

12. The allegations of Paragraph 12 are denied as to Creek Holdings III, LLC. The VCA Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 12.

13. Denied.

14. The VCA Defendants lack information sufficient to form an opinion regarding the truth or falsity of the allegations contained in Paragraph 14.

15. The VCA Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 15.

16. The VCA Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 16.

17. The VCA Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 17.

18. The VCA Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 18.

19. The VCA Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 19. The second sentence is denied.

20. Denied.

21. Admitted.

22. The VCA Defendants admit Mr. Cate resides at 2502 Frederica Road, St. Simons Island, GA 31522. The remaining allegations of Paragraph 22 constitute legal conclusions to which no response is required.

23. The allegations contained in the first sentence are admitted. The remaining allegations in Paragraph 23 constitute legal conclusions to which no response is required.

24. The allegations of Paragraph 24 constitute legal conclusions to which no response is required.

25. The allegations of Paragraph 25 are neither admitted nor denied. Allegations relating to property owned by Creek Holdings III, LLC have been dismissed by prior order of the Court.

26. The allegations of Paragraph 26 are neither admitted nor denied. Allegations relating to property owned by Creek Holdings III, LLC have been dismissed by prior order of the Court.

27. The allegations contained in the first sentence are admitted. The remaining allegations in Paragraph 27 constitute legal conclusions to which no response is required.

28. The allegations of Paragraph 28 constitute legal conclusions to which no response is required.

29. The allegations contained in the first sentence are denied. Palmetto's principal address is at P.O. Box 20214 St. Simons Island, GA 31522. The allegations in the second sentence are admitted. The third sentence is admitted only to the extent Palmetto has provided some services at the Park at Village Creek.

30. Palmetto admits that its registered agent is Jason Tate, who maintains an office at 2487 Demere Road, Suite 400, St. Simons Island, GA 31522. The remaining allegations of Paragraph 30 are legal conclusions to which no response is required.

31. The VCA Defendants lack information sufficient to form an opinion regarding the truth or falsity of the allegations contained in Paragraph 31.

32. The VCA Defendants lack information sufficient to form an opinion regarding the truth or falsity of the allegations contained in Paragraph 32.

33. The allegations of Paragraph 33 constitute legal conclusions to which no response is required.

34. The first sentence of Paragraph 34 purports to characterize this action, and no response is required. Other allegations in Paragraph 34 constitute legal conclusions to which no response is required. The VCA Defendants deny the allegation of Paragraph 34 stating this Court has subject matter jurisdiction to the extent alleged violations are wholly past.

35. The allegations of Paragraph 33 constitute legal conclusions to which no response is required.

36. The VCA Defendants admit receiving the letter included as Exhibit G. The remaining allegations of Paragraph 36 purport to characterize the Letter, which speaks for itself. Any allegations contrary to the plain text, meaning, and context of that document are denied.

37. The VCA Defendants lack sufficient information sufficient to admit or deny the allegations of Paragraph 37.

38. Admitted.

39. Denied.

40. Denied.

41. The allegations of Paragraph 41 constitute a legal conclusion to which no response is required.

42. The allegations of Paragraph 42 constitute a legal conclusion to which no response is required.

43. The allegations of Paragraph 43 constitute a legal conclusion to which no response is required.

44. The allegations of Paragraph 44 constitute a legal conclusion to which no response is required.

45. The allegations of Paragraph 45 constitute a legal conclusion to which no response is required.

46. The allegations of Paragraph 46 constitute a legal conclusion to which no response is required.

47. The allegations of Paragraph 47 constitute a legal conclusion to which no response is required.

48. The allegations of Paragraph 48 constitute a legal conclusion to which no response is required.

49. The allegations of Paragraph 49 constitute a legal conclusion to which no response is required.

50. The allegations of Paragraph 50 constitute a legal conclusion to which no response is required.

51. The allegations of Paragraph 51 constitute a legal conclusion to which no response is required.

52. The allegations of Paragraph 52 constitute a legal conclusion to which no response is required.

53. The allegations of Paragraph 53 relate to claims that have been dismissed by the Court. To the extent a response is required, the allegations are denied.

54. The allegations of Paragraph 54 relate to claims that have been dismissed by the Court. To the extent a response is required, the allegations are denied.

55. The allegations of Paragraph 55 relate to claims that have been dismissed by the Court. To the extent a response is required, the allegations are denied.

56. The allegations of Paragraph 56 relate to claims that have been dismissed by the Court. To the extent a response is required, the allegations are denied.

57. The allegations of Paragraph 57 relate to claims that have been dismissed by the Court. To the extent a response is required, the allegations are denied.

58. The allegations of Paragraph 58 relate to claims that have been dismissed by the Court. To the extent a response is required, the allegations are denied.

59. The allegations of Paragraph 59 constitute a legal conclusion to which no response is required.

60. The allegations of Paragraph 60 purport to characterize NPDES Geneal Permit GAR100003, which speaks for itself and is the best evidence of its content. Any allegations contrary to the text, meaning, or context of that document are denied.

61. The allegations of Paragraph 61 constitute a legal conclusion to which no response is required.

62. The allegations of Paragraph 62 constitute a legal conclusion to which no response is required.

63. The allegations of Paragraph 63 constitute a legal conclusion to which no response is required.

64. The allegations of Paragraph 64 constitute a legal conclusion to which no response is required.

65. The allegations of Paragraph 65 constitute a legal conclusion to which no response is required.

66. The allegations of Paragraph 66 constitute a legal conclusion to which no response is required.

67. The allegations of Paragraph 67 are admitted to the extent Shupe Surveying Company conducted a survey to delineate the CMPA jurisdiction line for property that is now the Park at Village Creek. The survey speaks for itself and is the best evidence of its content. Any allegations contrary to the text, meaning, or context of that document are denied.

68. Denied.

69. The VCA Defendants admit the Shupe Surveying performed a survey. The remaining allegations purport to summarize the survey, which speaks for itself and is the best evidence of its contents. Any allegation contrary to the text, context, or meaning of that document are denied.

70. Denied.

71. Paragraph 71 purports to summarize Plats, which speak for themselves and are the best evidence of their contents. Any allegation contrary to the text, context, or meaning of those documents are denied.

72. The VCA Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 72.

73. The allegations in Paragraph 73 purport to summarize Exhibit F, which speaks for itself and is the best evidence of its contents. Any allegation contrary to the text, context, or meaning of that document are denied.

74. The allegations in Paragraph 74 purport to summarize Exhibit K, which speaks for itself and is the best evidence of its contents. Any allegation contrary to the text, context, or meaning of that document are denied.

75. The allegations in Paragraph 75 purport to summarize Exhibit K, which speaks for itself and is the best evidence of its contents. Any allegation contrary to the text, context, or meaning of that document are denied.

76. The allegations in Paragraph 76 purport to summarize Exhibit L, which speaks for itself and is the best evidence of its contents. Any allegation contrary to the text, context, or meaning of that document are denied.

77. The allegations in Paragraph 77 are admitted only to the extent that some wetlands referenced in Mr. Bucey's PCN form were impacted prior to receiving verification.

78. The allegations in Paragraph 78 purport to summarize Exhibit N, which speaks for itself and is the best evidence of its contents. Any allegation contrary to the text, context, or meaning of that document are denied.

79. The VCA Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79. To the extent an answer is required, the allegations in Paragraph 79 are denied.

80. The VCA Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80. To the extent an answer is required, the allegations in Paragraph 80 are denied.

81. Denied.

82. The allegations of Paragraph 82 constitute a legal conclusion to which no response is required.

83. Denied.

84. The VCA Defendants admit the allegations of Paragraph 84 only to the extent some or all of the Owner Defendants were owners of the Park at Village Creek. The remaining allegations are legal conclusions to which no response is required.

85. Paragraph 85 purports to summarize the requirements of a permit that speaks for itself and is the best evidence of its contents. Any allegation contrary to the text, context, or meaning of that document are denied.

86. The allegations in Paragraph 86 purport to summarize Exhibit O, which speaks for itself and is the best evidence of its contents. Any allegation contrary to the text, context, or meaning of that document are denied.

87. The allegations in Paragraph 87 purport to summarize Exhibit B, which speaks for itself and is the best evidence of its contents. Any allegation contrary to the text, context, or meaning of that document are denied.

88. The allegations in Paragraph 88 purport to summarize Exhibit B, which speaks for itself and is the best evidence of its contents. Any allegation contrary to the text, context, or meaning of that document are denied.

89. Denied.

90. Denied.

91. Denied.

92. The allegations of Paragraph 92 relate to claims that have been dismissed by the Court. To the extent a response is required, the allegations are denied. To the extent allegations relate to land owned by Village Creek Landing, the VCA Defendants lack sufficient knowledge to admit or deny the claim.

93. The allegations of Paragraph 93 relate to claims that have been dismissed by the Court. To the extent a response is required, the allegations are denied.

94. The allegations of Paragraph 94 relate to claims that have been dismissed by the Court. To the extent a response is required, the allegations are denied. To the extent allegations relate to land owned by Village Creek Landing, the VCA Defendants lack sufficient knowledge to admit or deny the claim.

95. The allegations of Paragraph 95 relate to claims that have been dismissed by the Court. To the extent a response is required, the allegations are denied. To the extent allegations relate to land owned by Village Creek Landing, the VCA Defendants lack sufficient knowledge to admit or deny the claim.

96. Denied.

97. Denied.

98. The VCA Defendants incorporate their response to Paragraphs 1 through 97 as if fully set forth herein.

99. Denied.

100. The allegations of Paragraph 100 are admitted only to the extent that some wetlands were impacted prior to receipt of verification by the Corps under NWP 14 and 18.

101. Denied.

102. Denied.

103. Denied.

104. The allegations of Paragraph 104 to 109 relate to a claim that has been dismissed by the Court. To the extent a response is required, the allegations are denied.

105. Denied and dismissed.

106. Denied and dismissed.

107. Denied and dismissed.

108. Denied and dismissed.

109. Denied and dismissed.

110. The VCA Defendants incorporate their response to Paragraphs1 through 109 as if fully set forth herein.

111. The allegations in Paragraph 111 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

112. The allegations in Paragraph 112 constitute legal conclusions to which no response is required. To the extent claims are related to work on property owned by Creek Holdings, III, the allegations of Paragraph 112 relate to claims that have been dismissed by the Court. To the extent a response is required, the allegations are denied.

113. To the extent claims are related to work on property owned by Creek Holdings, III, the allegations of Paragraph 113 relate to claims that have been dismissed by the Court. The VCA Defendants lack sufficient information to admit or deny claims related to activities on property owned by Village Creek Landing, LLC. To the extent a response is required, the allegations are denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. The VCA Defendants incorporate their response to Paragraphs1 through 119 as if fully set forth herein.

121. Denied.

The VCA Defendants respond to the allegations appearing on page 30 of the First Amended Complaint, in which the Plaintiffs pray for relief, by denying that Plaintiffs are entitled to any of the relief requested in Paragraphs A through G. The VCA Defendants further request that the Court enter judgment in their favor, order the Complaint dismissed, award costs and attorneys' fees against Plaintiffs, and grant VCA Defendants such other and further relief as the Court may deem just and proper. The VCA Defendants pray for a trial by jury on any disputed issue of fact.

Respectfully submitted this 28th day of April, 2024.

Jason M. Tate
Roberts | Tate LLC
2487 Demere Road, Suite 400
St. Simons Island, Georgia 31522
Phone 912-638-5200
Email: jtate@robertstate.com

**Jones Fortuna LP**

*<u>/s/ Lewis B. Jones</u>*
Lewis B. Jones*
John L. Fortuna*
111 New Street, Suite A
Decatur, GA 30030
Phone: 404-850-3835
Email: ljones@jonesfortua.com
jfortuna@jonesfortuna.com

*Counsel for Defendants Village Creek Associates, LLC, Henry Vassa Cate; Missoe, LLC; Creek Holdings III, LLC; and Palmetto Building Group*

**Admitted pro hac vice*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

Respectfully submitted this 28th day of April, 2024.

**Jones Fortuna LP**

*/s/ Lewis B. Jones*
Lewis B. Jones*
111 New Street, Suite A
Decatur, GA 30030
Phone: 404-862-3234
Email: ljones@jonesfortua.com

*Counsel for Defendants Village Creek Associates, LLC, Henry Vassa Cate; Missoe, LLC; Creek Holdings III, LLC; and Palmetto Building Group*

**Admitted pro hac vice*